UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCELINO HUERTA, et al.,

                    Plaintiffs,

- against -

VICTORIA BAKERY, et al.,

                    Defendants.
-----------------------------------------------------------------X

**ORDER**

10 CV 4754 (RJD) (JO)

DEARIE, District Judge.

The Report and Recommendation of Magistrate James Orenstein issued February 17, 2012 (the "Report") recommends that the Court deny plaintiffs' motion for a judgment of default on the ground that plaintiffs' allegations do not satisfy the interstate commerce requirement of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., The Report therefore recommends that the Court dismiss the Complaint *sua sponte* with leave to amend. The Report nevertheless "anticipate[s] that the plaintiffs will likely overcome the pleading deficiencies" described, and "in recognition of the possibility that the court may reject" the recommendation of dismissal, "proceed[s] to discuss the relief the plaintiffs should receive upon a successful showing of the defendants' liability." Report at 15. Based on an inquest and detailed submissions from plaintiffs, the Report recommends that, "if plaintiffs timely file an amended complaint that cures the pleading deficiencies" it identifies, "the court enter judgment against the defendants jointly and severally in the amount of $43,956.59," consisting of an award to Huerta of $20,317.80 and an award to Gonzaga of $23,638.79. Id. at 31.

Neither plaintiffs nor defendants have filed objections to the Report.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Accord 28 U.S.C. § 636 ("[a] judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "may also receive further evidence or recommit the matter to the magistrate judge with instructions"). "The district judge is not required to review, under a de novo or any other standard, [the] factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed, so long as such are not clearly erroneous." United States v. Burke, 09 CR 135 (SJ), 2011 WL 2609837, *1, (E.D.N.Y. July 1, 2011) (internal citations omitted). Nevertheless, "the ultimate adjudicatory determination [is] reserved to the district court judge." United States v. Raddatz, 447 U.S. 667, 676 (1980). See also Matthews v. Weber, 423 U.S. 261, 276 (1976) (recommendation of magistrate judge issued pursuant to section 636(b) "carries only such weight as its merit commands and the sound discretion of the judge warrants").

## DISCUSSION

The Court respectfully disagrees with the portion of the Report that concludes that plaintiffs have failed to establish that the defendants are an enterprise engaged in commerce or in the production of goods for commerce. See Report at 11-15 (Section II.B.3, "Applicability of

2

the FLSA"). In their initial complaint, plaintiffs alleged only that the Bakery's employees "perform work as bread makers, bakers, food handlers and other job functions related to [the Bakery's] commercial bakery operation," and that the Bakery's annual gross sales exceed $500,000. At the damages inquest Magistrate Judge Orenstein alerted plaintiffs to the fact that they failed to allege specifically that the Bakery shipped its goods out-of-state or that its bread-making materials had moved in interstate commerce. See Report at 11-12 (citing applicable statutory requirements). The Report also recognizes, however, that

> [s]ome judges in this district have inferred FLSA coverage from the nature of the employer's business, notwithstanding similar pleading deficiencies. See, e.g., Maribel Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp.2d 114, 118, 1212 (E.D.N.Y. 2011) (Seybert, J., adopting analysis of Tomlinson, M.J.) (finding it was "logical to infer . . . that the cleaning supplies utilized by [janitors] originated outside of New York"); Shim [v. Millennium Group], 2009 WL 211367 at *3 (E.D.N.Y. Jan. 29, 2009) (Block, J.) (presuming that employees handled goods or materials moved in interstate commerce because "it is simply inconceivable that the none of the . . . custodial . . . supplies . . . originated outside of New York").

Report at 31.

In response, plaintiffs submitted a proposed amended complaint that contains the following additional allegations: "[d]efendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell or work on goods or materials that have been moved in or produced for interstate commerce," and "[d]efendants produce bakery goods and products that are delivered to supermarkets, delis, restaurants and grocery stores located in New York and New Jersey." The Report concludes that even these proposed additional allegations are insufficient in that they "suffice[] only to establish that the Bakery itself produces goods for use in interstate commerce" but "does not establish that the Bakery has at least two employees whose

3

regular duties include 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person'" within the meaning of 29 U.S.C. §203(s) and 29 C.F.R. §779.238. Id. at 14.

The Court respectfully disagrees with Magistrate Judge Orenstein's recommendation against drawing the requisite interstate commerce nexus in this case. The proposed amended complaint has apparently never been served on defendants, so the supplemental interstate commerce allegations set forth in that pleading should not be the basis of assessing the sufficiency of a complaint for purposes of a default judgment. But even the original complaint, the Court concludes, provides a sufficient basis, as the Report recognizes, for inferring the requisite interstate commerce connection under the sensible approach adopted by other judges in this district. The complaint alleges that plaintiffs Huerta and Gonzaga were employed as bread makers in a Brooklyn-based bakery with over half a million dollars in annual sales. It is inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state or that the bakery did not sell its products outside the State of New York.

Under the circumstances of this case, the Court does not believe that justice requires service upon defendants of another round of pleadings that do little more than make explicit what is readily inferable. Defendants were served with the original complaint more than a year and a half ago, and subsequently served with the motion papers seeking a default judgment, and, thereafter, the Report, and have declined each of these opportunities to interpose some sort of factual or legal challenge to the claims made against them. The Court disagrees with the Report's speculative suggestion that defendants might have detected the possible interstate commerce deficiency in the complaint and therefore "ma[d]e a rational decision to expend no resources in answering it." Report at 13.

The Court is otherwise in full agreement with Magistrate Judge Orenstein's analysis, including the calculation of damages.

## CONCLUSION

The Court respectfully rejects the recommendation in Section II.B.3 ("Applicability of the FLSA") of the Report and Recommendation of Magistrate Judge James Orenstein issued February 17, 2012 but adopts all other portions in their entirety. The Clerk of the Court is directed to enter judgment of default against defendants as specified in the Report's concluding Section III (at 31).

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge